HARRY W. DREYER v. ISABELLE DREYER

SUPERIOR COURT          MIDDLESEX COUNTY          FILE No. 9762

Memorandum filed November 15, 1948.

David J. McCoy, of New Haven, and Everett J. Peckham, of Deep River, for the Plaintiff.

Leonard O. Ryan, of Middletown, for the Defendant.

COMLEY, J. This is an action by a husband for divorce on the ground of intolerable cruelty. The writ is dated July 22, 1947, and was returnable to the September, 1947, term. The original answer filed on May 4, 1948, contained simple admissions and denials. On October 8, 1948, the defendant filed an amendment to her answer alleging that "subsequent to the commencement of the within action and subsequent to the filing of the original answer the defendant has secured a decree of divorce from the plaintiff in the District Court of the Virgin Islands, Division of St. Thomas and St. John at Charlotte Amalie." The plaintiff filed a reply admitting this allegation of the amended answer.

Upon the trial the plaintiff offered testimony concerning the defendant's conduct in support of his claim of intolerable cruelty. He offered no evidence concerning the Virgin Islands proceeding except a copy of the complaint, dated March 23, 1948, which he received by mail. This complaint was introduced, because of the allegations made therein against the plaintiff, to support his claim of intolerable cruelty. The plaintiff did testify that when he received the document, he showed it to his counsel, upon whose advice he did not enter an appearance or take any other steps to defend the action.

As part of her case the defendant introduced, without objection as to form, a certified copy of a decree in the District Court of the Virgin Islands, dated August 2, 1948, granting her an absolute divorce. The plaintiff made no effort to attack this decree for want of jurisdiction. At one point in the trial, counsel for the plaintiff, in response to an inquiry by the court, stated that he admitted that the decree was valid in the Virgin Islands but did not admit that it was valid in Connecticut. At the conclusion of the evidence he stated, in response to a further inquiry from the court as to the effect of the Virgin Islands decree, that he took no position with reference to it, "one way or the other." No evidence was offered concerning the circumstances under which the defendant went to the Virgin Islands or under which she remained there between the commencement of the action and the decree. There was no evidence of the date of her return to Connecticut or the reasons therefor or concerning her future residence. At one point, in response to one isolated question concerning her residence, she said in substance that she did not know where she intended to make her home. This single statement by her affords no basis for a definite finding as to her domicil.

There is, therefore, before the court this decree of the District Court of the Virgin Islands which has not been specifically attacked in the customary manner as a colorable divorce void in this state for want of jurisdiction.

The District Court of the Virgin Islands is a judicial tribunal duly constituted by act of congress (49 Stat. 1813, 48 U. S. C., §1405X) and specifically given jurisdiction to grant divorces (49 Stat. 1814, 48 U. S. C., § 1406). Its judgments are entitled to full faith and credit. Rev. Stat., § 905; 28 U. S. C. § 687. This is not because of the full faith and credit clause in article 4, § 1, of the federal constitution but because of the above cited act of congress, enacted in pursuance of article 4, § 3, of the constitution, giving to congress supremacy over the territories and other possessions of the United States. *Freeman, Judgments,* (5th Ed.) p. 3018; *Embry* v. *Palmer,* 107 U. S. 3, 9; *Butler* v. *Butler,* 40 N. Y. S. 2d, 353, 354.

It follows that this judgment must be given the same effect in Connecticut as a similar judgment rendered in a sister state. It is now well settled that a divorce judgment rendered in one state may be attacked for want of jurisdiction especially where that defect consists of the absence of a bona fide domicil on the part of the party obtaining the judgment. *Hooker* v. *Hooker,* 130 Conn. 41; *Mills* v. *Mills,* 119 Conn. 612.

The burden of proving the invalidity of the foreign decree rests upon the party who would escape its operation. *Esenwein* v. *Commonwealth,* 325 U. S. 279, 281. In the absence of such proof, there is a presumption that the foreign decree is valid. In 3 Nelson, Divorce & Annulment (2d Ed.) § 3380, the rule is stated as follows: "Unless disproved by extrinsic evidence or by the record itself, it will be presumed that the court had jurisdiction of the subject matter and the parties, or of persons and property affected by its decree. And until the contrary is found, every presumption will be indulged in favor of the jurisdiction found by the sister-state court. Thus, in the absence of evidence to the contrary, it will be presumed that a sister-state divorce was obtained in good faith, that a bona fide domicil existed, and that the decree is not void for fraud."

This principle is well illustrated in the two famous *Williams* cases decided by the United States Supreme Court. In the first (*Williams* v. *North Carolina,* 317 U. S. 287), it was held that in a prosecution for bigamy in the courts of North Carolina that

state must give full faith and credit to a Nevada decree divorcing the accused from his first wife since, in the absence of evidence to the contrary, it must be presumed that the accused had a bona fide domicil in Nevada sufficient to confer jurisdiction upon the courts of that state. In the second case (*Williams v. North Carolina*, 325 U. S. 226), it was held, after a retrial of the accused, that where the presumption of the validity of the Nevada decree had been rebutted by positive evidence that the accused had no domicil in that state, North Carolina was not bound to accord full faith and credit to the decree.

In the present case, the plaintiff has failed to offer evidence to show that the District Court of the Virgin Islands lacked jurisdiction to grant the defendant the decree upon which she relies in her amended answer. It may be that the circumstances under which the decree was obtained cast grave suspicion upon it, but mere suspicion cannot supply the place of proof which is lacking in this case, and the defendant is, therefore, entitled to the benefit of the presumptions of validity to which the decree is entitled.

Since the parties must be regarded, at least for the purposes of the present case, as having been divorced by a foreign court of competent jurisdiction, it follows that the plaintiff cannot maintain this action in Connecticut. Judgment is rendered for the defendant.